**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **BONNIE B. GRAY and GARY GRAY,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**EDWIN B. PARRY and EXPRESS RECOVERY SERVICES,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07-cv-00113-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Bonnie B. Gray's ("Gray") motion to strike Edwin B. Parry's ("Parry") motion to dismiss, supporting memorandum, and mailing certificate;[2] (2) Gray's motion to strike Parry's "second" motion to dismiss and supporting memorandum;[3] and (3) Gray's motion for default judgment.[4]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

    [1] *See* docket no. 23.

    [2] *See* docket no. 12.

    [3] *See* docket no. 30.

    [4] *See* docket no. 35.

**BACKGROUND**

Gray and her husband (collectively, "Plaintiffs") filed their original complaint in this case on February 26, 2007.[5]  On June 25, 2007, Plaintiffs filed an amended complaint.[6]

In response, on July 16, 2007, Parry filed a motion to dismiss Plaintiffs' amended complaint, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.[7]  On the same day, Express Recovery Services ("ERS") filed a similar motion to dismiss.[8]

On August 1, 2007, Gray filed a motion to strike (the "first motion to strike") Parry's motion to dismiss, supporting memorandum, and mailing certificate based on Parry's alleged failure to properly serve those documents on Gray.[9]  Gray argues that the service of those documents was invalid because the mailing certificate stated that those documents were mailed with "postage prepaid," when in fact the entire amount of postage was not prepaid.  As a result of this alleged invalid service, Gray claims that those documents amount to ex parte communication.  Gray also argues, based on this alleged ex parte communication, that her "U.S. and Utah Constitutional rights to due process, access to courts, justice[,] and fairness have been seriously compromised under these circumstances."

---

[5] *See* docket no. 1.

[6] *See* docket no. 2.

[7] *See* docket no. 9.

[8] *See* docket no. 6.

[9] *See* docket no. 12.

2

Gray's counsel also filed an affidavit in support of the first motion to strike[10] in which he states:

- He was never properly served with Parry's motion to dismiss, supporting memorandum, or mailing certificate.
- He notified Parry's counsel of his "concerns" relating to the proper service of the above-referenced documents.
- During the week July 23, 2007, he "refused to accept an article from the United States Postal Service . . . based upon the fact that it required the 'payment' of 'Postage Due'" and that the return address on that article "appeared to be that of [Parry's counsel]."

In addition, in both the supporting memorandum and reply memorandum on the first motion to strike, Gray's counsel also notes that in another case involving the same parties in Utah Third District Court, three of Parry and ERS's documents have been stricken based on flawed certificates of service and untimely filings.

Soon thereafter, Parry and ERS each filed a memorandum in opposition to the first motion to strike.[11]  Parry's counsel also filed a supporting affidavit[12] in which he asserts:

- On July 16, 2007, he mailed Parry's motion to dismiss, supporting memorandum, and mailing certificate to Gray's counsel.
- On July 27, 2007, the United States Postal Service ("USPS") returned that entire mailing to him with markings indicating that it had been "refused" with instructions to "return to sender."

---

[10]  *See* docket no. 14.

[11]  *See* docket nos. 17, 22.

[12]  *See* docket no. 18.

3

- On July 31, 2007, he received a telephone call from Gray's counsel "demanding" that he resend the above-referenced documents.
- On August 3, 2007, he resent Parry's motion to dismiss and supporting memorandum, along with a new mailing certificate, to Gray's counsel.

Attached to his affidavit, Parry's counsel provided a scanned copy of the envelope that was returned to him by the USPS. Even though that copy omits a portion of the left side of the envelope, it is clear that the envelope bears the name and return address of Parry's counsel. The envelope has several handwritten notations, including "Refused" and "Refused[,] Return to sender." The envelope also contains a stamp and a handwritten notation indicating "POSTAGE DUE" of thirty-nine cents. The envelope contains another stamp and several handwritten notations indicating that notice of the mailing had been left with Gray's counsel on July 17 and July 23 and that the mailing was returned to the sender on August 2.

On August 17, 2007, apparently after receiving the new mailing from Parry's counsel, Gray filed another motion to strike (the "second motion to strike"), this time seeking to strike the motion to dismiss and supporting memorandum that were resent by Parry's counsel on August 3.[13] Even though Parry's counsel resent the same motion and supporting memorandum that he had originally filed on July 16, Gray's counsel makes a clear distinction between the second mailing and the first mailing of those documents. To that end, Gray refers to the documents in the second mailing as a "second" motion to dismiss and supporting memorandum. Gray asserts that the "second" motion to dismiss and supporting memorandum should be stricken

---

[13] *See* docket no. 30.

4

because they were not served within the twenty days of the date Parry was served with Plaintiffs'

amended complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A).  Gray's counsel filed two affidavits in

support of the second motion to strike[14] in which he asserts:

- He received two notices from the USPS indicating that an article requiring payment of postage had been sent to him.
- After receiving the final notice, he traveled to the USPS Foothill Branch and asked for the above-referenced article.
- A USPS worker provided the above-referenced article to him, and the return address block identified Parry's counsel and contained Parry's counsel's business address.
- The above-referenced article was contained in the envelope attached to Parry's counsel's affidavit.
- The above-referenced article was returned to Parry's counsel.
- He understood that he "was under no duty to pay the 'postage due' and refused to do so."
- The certificate of mailing for the above-referenced mailing "falsely declared" that the mailing was sent with the postage prepaid.
- When he contacted Parry's counsel to provide notice that he "had not been delivered a letter from [Parry's counsel] that was being sent back, [Parry's counsel] stated that he would 'fix it in his own way.'"
- He never agreed to "waive any objection . . . Gray has to any improperly served or late filings that [Parry's counsel] had filed or might file on behalf of . . . Parry or [ERS]."
- In another case involving the same parties in Utah Third District Court, three documents have been stricken based on "[f]lawed certificates of service and untimely filings."
- "Sanctions need to be pressed to stop these types of abuses from continuing."

---

[14] *See* docket nos. 29, 44.

On August 24, 2007, Gray filed a motion for default judgment against Parry and ERS.[15] *See* Fed. R. Civ. P. 55(a).  The basis for that motion, which is established by way of her two motions to strike, is that Parry and ERS failed to serve a responsive pleading to her amended complaint within the twenty-day limit of rule 12.  *See* Fed. R. Civ. P. 12(a)(1)(A).

## ANALYSIS

### I.  Motions to Strike

Gray's counsel was one of two attorneys who initiated this case against Parry and ERS by signing and filing both the complaint and the amended complaint.  In addition, Gray's counsel admits in his affidavit in support of the first motion to strike that he knew the identity of the attorney representing Parry in this case.  Given these facts, Gray's counsel should not have been surprised to receive a mailing from Parry's counsel subsequent to service of the amended complaint.  While Gray's counsel did not know that it was Parry's counsel who had sent the mailing when he received the notices concerning insufficient postage, he did know that after making the effort to travel to the post office.  Even after going to that effort, Gray's counsel still refused the mailing because he had no "duty" to pay the postage due of only thirty-nine cents.  Indeed, Gray's counsel admits in his affidavit in support of the first motion to strike that he "refused to accept an article from the [USPS] based on the fact that it required the 'payment' of 'Postage Due'" and that "the return address appeared to be that of [Parry's counsel]."

---

[15]  *See* docket no. 35.

6

The court is puzzled by that decision.  Although Gray's counsel is correct when he asserts that he was under no duty to pay the postage due, it appears to the court that it would have been the professional and courteous decision to do so.  If Parry's counsel's failure to include the proper amount of postage on the mailing was a mere oversight, which the court in good faith is willing to believe to be the case, Gray's counsel could have simply paid the postage due on behalf of Parry's counsel and then sought reimbursement for that payment.  If, on the other hand, Gray's counsel believed that Parry's counsel's failure to include sufficient postage was intentional, he could have still paid the postage due on behalf of Parry's counsel and then brought the issues of misconduct and reimbursement before the court.  Either way, by simply paying the postage due of only thirty-nine cents, Gray's counsel would have obviated the need for any of the motions addressed in this order.  Instead, the parties have now been forced to spend a great deal more in time and resources to brief those motions, and the court has been forced to spend its time and resources to address those motions.

This was not the only decision made by Gray's counsel that perplexes the court.  Even after refusing Parry's counsel's mailing of the motion to dismiss and supporting memorandum, Gray's counsel communicated his concerns about the service of those documents to Parry's counsel.  Notwithstanding the parties' disagreement about the substance of that conversation, it is undisputed that Parry's counsel resent the same motion to dismiss and supporting memorandum to Gray's counsel.  While Gray's counsel could have treated this second mailing as a remedy to the problems with the original mailing, he instead treated the second mailing as an entirely separate motion and supporting memorandum.  Gray's counsel took the position that Parry's

7

counsel's oversight relating to postage on the original mailing rendered service of the documents invalid because the mailing certificate stated that those documents were mailed with "postage prepaid," when in fact the entire amount of postage was not prepaid.  Because Gray's counsel recognized only the second mailing, he also recognized only the date of service for the second mailing.  Accordingly, Gray's counsel viewed the resent motion to dismiss and supporting memorandum as not being filed within twenty days of the filing date of the amended complaint, as required by rule 12.  *See* Fed. R. Civ. P. 12(a)(1)(A).  In essence, Gray's counsel took the position that the resent documents did not relate back in any way to the original mailing, even though those documents were filed with the court on the same date the original mailing was sent to Gray's counsel.

The court does not agree with Gray's counsel's overly technical view of the rules relating to service and will not allow Gray to use that view to gain a tactical advantage in this case. Parry's counsel did in fact attempt to serve Parry's motion to dismiss and supporting memorandum on Gray's counsel in a timely fashion.  While Parry's counsel presumably made an oversight relating to the amount of postage required for mailing those documents, that does not necessarily require the court to view the mailing certificate as flawed and to strike those documents.  In addition, a simple lack of postage does not then convert Parry's counsel's second mailing of those same documents into a separate motion and supporting memorandum.  To the contrary, the court views the second mailing of those documents as relating back to the date of the original mailing, which was also the date those documents were filed with the court.

While the delays created by the original mailing obviously created problems with the briefing schedule for the motion to dismiss, Gray could have remedied this simple problem in one of two ways.  The professional and civilized approach would have been for the parties to stipulate to an extension of time for Gray's counsel to respond to the motion to dismiss, taking into account the amount of time that had passed because of the problems with the original mailing.  The court would routinely grant a stipulated motion for an extension of time under those circumstances.  However, even if Parry's counsel was unwilling to stipulate to such an extension, Gray could have brought that issue to the court by way of an appropriate motion for an extension of time.  Given that the problems with the original mailing were caused by Parry's counsel's failure to include sufficient postage, the court would have provided Gray with additional time to respond to the motion to dismiss.

Gray's counsel also attempts to persuade the court that it should sanction Parry and Parry's counsel for their conduct in this case because of their alleged misconduct in another case in Utah Third District Court involving the same parties.  This type of argument is not persuasive to the court.  The court is neither receptive to nor swayed by self-serving and unsubstantiated allegations about a party's misconduct in other cases or lawsuits.  This court has no doubt that the Utah Third District Court is capable of handling any allegations of misconduct based on the facts of the case referenced by Gray's counsel.  Indeed, Gray's counsel admits in several of his affidavits and written submissions that the Utah Third District Court has adequately handled the alleged misconduct by striking several of ERS's and Parry's filings in that case.  At the same time, it is doubtful that the Utah Third District Court would be persuaded by self-serving and

out-of-context allegations made about a party's misconduct in this or any other case.  Consistent with those principles, this court will handle any allegations of misconduct in this case based on the facts of this case.

To this point in time, the only "misconduct" alleged by Gray's counsel is Parry's counsel's failure to include adequate postage on a single mailing, hardly the type of conduct that would necessitate or justify sanctions.  The court finds it ironic for Gray's counsel to allege that Parry's counsel has engaged in misconduct, while at the same time choosing to combat that alleged misconduct with unprofessional conduct of his own.  The court also finds it ironic that Gray's counsel was unwilling to pay a mere thirty-nine cents in postage to avoid this entire dispute, but was willing to spend the time and resources to file three unnecessary motions, interview a postal worker about the postage dispute, and claim that Gray should be awarded attorney fees "for the time and trouble her attorney has gone to in bring[ing] this matter to the [c]ourt's attention."

In sum, the court has determined that Gray's motions to strike were filed unnecessarily and are wholly without merit.  Oversights by busy counsel and problems with the mailing of documents, regardless of the cause, are not entirely uncommon in litigation.  To remedy these oversights and problems, the court prefers to rely upon counsel to be professional and courteous with one another.  It is not in the best interests of any party to take an unreasonable and unprofessional position over technicalities and pocket change in order to prove a point.  The court has determined that Gray's counsel's position with respect to the two motions to strike falls squarely in that category.  At the heart of these motions is a petty, unreasonable stance taken by

10

Gray's counsel over thirty-nine cents for postage.  In the court's view, Gray's counsel has

engaged in a silly tactical game that has unnecessarily wasted the time and resources of the court,

Parry, and ERS.  For these reasons, Gray's two motions to strike are **DENIED**.

## II.  Motion for Default Judgment

Because the court has denied Gray's two motions to strike, her motion for default

judgment has been rendered **MOOT**.

## III.  Sanctions

Given the court's conclusion about the position taken by Gray's counsel in the motions

addressed in this order, the court has determined that an award of sanctions against Gray's

counsel is appropriate.

The court has determined that Gray's counsel filed the motions addressed in this order for

an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the

cost of litigation." Fed. R. Civ. P. 11(b)(1).  Accordingly, the court concludes that Gray's

counsel is subject to sanctions under rule 11.  *See* Fed. R. Civ. P. 11(c) (allowing court to

"impose an appropriate sanction upon the attorneys, law firms, or parties that have violated

subdivision (b) or are responsible for the violation"), 11(c)(1)(B) (allowing court to impose

sanctions "[o]n its own initiative").

The court has also determined that the filing of those motions "multiplie[d] the

proceedings . . . unreasonably and vexatiously."  28 U.S.C. § 1927.  Accordingly, the court

concludes that Gray's counsel is also subject to sanctions under § 1927.  *See id*. ("Any attorney

or other person admitted to conduct cases in any court of the United States or any Territory

11

thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

For these reasons, the court intends to impose a sanction against Gray's counsel personally.  Before the sanction can be imposed, however, Gray's counsel must be provided with an opportunity to be heard on that issue.  *See* Fed. R. Civ. P. 11(c) (requiring "notice and a reasonable opportunity to respond" before a court may impose sanctions), 11(c)(1)(B) ("On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."); *Charczuk v. Commissioner of Internal Revenue*, 771 F.2d 471, 476 n.4 (10th Cir. 1985) (stating that "[c]ourts imposing sanctions on an attorney under § 1927 must afford the attorney all appropriate protections of due process available under the law" by providing an opportunity to be heard on the issue).  Accordingly, Gray's counsel is ordered to show cause why his conduct relating to the motions addressed in this order did not violate rule 11(b) or § 1927 and why sanctions should not be imposed.  Gray's counsel is directed to respond in writing within ten (10) days of the date of this order to inform the court of his position on that issue.  After receipt of that written submission, the court will make a final determination concerning the award of sanctions against Gray's counsel.

### IV.  Briefing Schedule for Motions to Dismiss

As a final matter, the court must set a briefing schedule for ERS's and Parry's motions to dismiss.  In an order dated August 21, 2007, the court granted Gray's two motions to continue the briefing schedules for those motions to dismiss pending the court's ruling on Gray's two motions to strike.[16]  Because the court has denied Gray's two motions to strike, a briefing schedule on the two motions to dismiss is now necessary.

The court has already received Parry's motion to dismiss and supporting memorandum,[17] as well as ERS's motion to dismiss and supporting memorandum (which simply incorporates all of the same arguments presented in Parry's supporting memorandum).[18]  The court has also received a memorandum in opposition to both motions from Gray's husband.[19]  Accordingly, the court sets the following schedule for the remaining memoranda to be filed:

1.      Gray's memorandum in opposition to the two motions to dismiss shall be filed within thirty (30) days of the date of this order.  *See* DUCivR 7-1(b)(3)-(4), 56-1(b).

2.      Parry's and ERS's optional reply memoranda shall be filed within ten (10) days of the filing date of Gray's memorandum in opposition to the two motions to dismiss.  *See* DUCivR 7-1(b)(3)-(4), 56-1(b).

---

[16]  *See* docket no. 34.

[17]  *See* docket nos. 9, 10.

[18]  *See* docket nos. 6, 7.

[19]  *See* docket no. 21.

13

Upon receipt of the remaining memoranda relating to the two motions to dismiss, the court will take those two motions under advisement concurrently with Parry's and ERS's motions to stay.[20]

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1.      Gray's two motions to strike[21] are **DENIED**.

2.      Gray's motion for default judgment[22] has been rendered **MOOT**.

3.      The court intends to impose a sanction against Gray's counsel personally. Accordingly, Gray's counsel is ordered to show cause why his conduct relating to the motions addressed in this order did not violate rule 11(b) or § 1927 and why sanctions should not be imposed.  Gray's counsel is directed to respond in writing within ten (10) days of the date of this order to inform the court of his position on that issue.  After receipt of that written submission, the court will make a final determination concerning the award of sanctions against Gray's counsel.

4.      The following schedule shall apply to the remaining memoranda to be filed on Parry's and ERS's motions to dismiss.  Gray's memorandum in opposition to the two motions to dismiss shall be filed within thirty (30) days of the date of this order.  Parry's and ERS's optional

---

[20]   *See* docket nos. 24, 26.

[21]   *See* docket nos. 12, 30.

[22]   *See* docket no. 35.

14

reply memoranda shall be filed within ten (10) days of the filing date of Gray's memorandum in opposition to the two motions to dismiss.  Upon receipt of the remaining memoranda relating to the two motions to dismiss, the court will take those two motions under advisement concurrently with the Parry's and ERS's motions to stay.

**IT IS SO ORDERED**.

DATED this 30th day of October, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge