IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BONNIE B. GRAY and GARY GRAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDWIN B. PARRY and EXPRESS RECOVERY SERVICES,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00113-DB-PMW<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is the issue of sanctions against Plaintiff Bonnie B. Gray's ("Mrs. Gray") counsel.

In a memorandum decision and order dated October 30, 2007 (the "October 30 order"), the court denied two motions to strike filed by Mrs. Gray and determined that a motion for default judgment filed by Mrs. Gray had been rendered moot.[2] The extensive background relating to those motions is contained in the October 30 order and, as such, will not be repeated here.

Based upon Mrs. Gray's counsel's conduct described in the October 30 order, the court also determined that an award of sanctions against Mrs. Gray's counsel was appropriate, pursuant

---

[1] *See* docket no. 23.

[2] *See* docket no. 47.

to both 28 U.S.C. § 1927 and rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b)(1), (c)(1), (c)(3).  Because the court determined that the filing of the motions addressed in the October 30 order "multiplie[d] the proceedings . . . unreasonably and vexatiously," 28 U.S.C. § 1927, the court concluded that Mrs. Gray's counsel was subject to sanctions under § 1927.  *See id*. ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  In addition, the court determined that Mrs. Gray's counsel filed the motions addressed in the October 30 order for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  Accordingly, the court concluded that Mrs. Gray's counsel was subject to sanctions under rule 11.  *See* Fed. R. Civ. P. 11(c)(1) (allowing court to "impose an appropriate sanction on any attorney, law firm, or party that violated [rule 11(b)] or is responsible for the violation").

   Before the sanction could be imposed, however, the court recognized that it was required to provide Mrs. Gray's counsel with an opportunity to be heard on that issue.  *See* Fed. R. Civ. P. 11(c)(1) (requiring "notice and a reasonable opportunity to respond" before a court may impose sanctions), 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated [r]ule 11(b)."); *Charczuk v. Commissioner of Internal Revenue*, 771 F.2d 471, 476 n.4 (10th Cir. 1985) (stating that "[c]ourts imposing sanctions on an attorney under § 1927 must afford the attorney all appropriate

protections of due process available under the law" by providing an opportunity to be heard on the issue). Accordingly, the court ordered Mrs. Gray's counsel to show cause why his conduct relating to the motions addressed in the October 30 order did not violate rule 11(b) or § 1927 and why sanctions should not be imposed. The court directed Mrs. Gray's counsel to respond in writing within ten (10) days to inform the court of his position on that issue.

In response, on November 19, 2007, Mrs. Gray's counsel filed a "Response Memorandum in Opposition to Sanctions,"[3] accompanied by a supporting affidavit.[4] The court has carefully considered those written submissions and is prepared to make a final determination concerning the award of sanctions against Mrs. Gray's counsel.

Mrs. Gray's counsel advances several arguments in his response memorandum. The court will address each of them in turn. First, near the outset of his response memorandum, Mrs. Gray's counsel admits that "[i]f seen only in isolation, [his] response to [Defendant] Edwin Parry's [("Parry")] incomplete service of a [m]otion to [d]ismiss on July 16, 2007[,] may appear more than required." Mrs. Gray's counsel goes on to argue, however, that his actions described in the October 30 order were justified by "a long pattern of filing abuses imposed upon [Mrs.] Gray by . . . Parry in" another case involving the same parties in Utah Third District Court (the "State case"). (Emphasis omitted.) Mrs. Gray's counsel then lists several instances of Parry's

---

[3] *See* docket no. 49.

[4] *See* docket no. 48.

alleged misconduct in the State case, all of which was undertaken by Parry in his role as counsel for Defendant Express Recovery Services ("ERS").

In light of the court's explicit statements in the October 30 order about Mrs. Gray's counsel's argument relating to Parry's alleged misconduct in the State case, the court is bewildered by Mrs. Gray's counsel's decision to advance that same argument in his written submissions on the issue of sanctions. In the October 30 order, the court made clear that Mrs. Gray's counsel's argument concerning Parry's alleged misconduct in the State case was entirely unpersuasive. In the October 30 order, the court stated:

> The court is neither receptive to nor swayed by self-serving and unsubstantiated allegations about a party's misconduct in other cases or lawsuits. This court has no doubt that the Utah Third District Court is capable of handling any allegations of misconduct based on the facts of the [State case]. Indeed, [Mrs.] Gray's counsel admits in several of his affidavits and written submissions that the Utah Third District Court has adequately handled the alleged misconduct by striking several of ERS's and Parry's filings in [the State] case. At the same time, it is doubtful that the Utah Third District Court would be persuaded by self-serving and out-of-context allegations made about a party's misconduct in this or any other case. Consistent with those principles, this court will handle any allegations of misconduct in this case based on the facts of this case.

At the risk of sounding repetitive, the court is again unpersuaded by Mrs. Gray's counsel's reliance upon Parry's alleged misconduct in the State case as a justification for Mrs. Gray's counsel's conduct in this case.

Second, Mrs. Gray's counsel's attempts to link Parry's alleged misconduct in the State case to the conduct of Parry's counsel in this case; however, he does so to no avail. Mrs. Gray's

counsel relies upon rule 406 of the Federal Rules of Evidence to argue that "evidence of a habit or routine practice can be introduced in judging deficient court actions and filings."  Not only does the court conclude that Mrs. Gray's counsel's reliance upon rule 406 is without merit, but the court also concludes that his attempt to link Parry's conduct in the State case with Parry's counsel's conduct in this case is nothing short of fanciful.  In essence, Mrs. Gray's counsel argues that the alleged misconduct committed by Parry in the State case, all of which was undertaken by Parry in his role as counsel for ERS, should somehow be imputed to Parry's counsel in this case.  The court finds such an illogical argument to be unpersuasive.

Finally, Mrs. Gray's counsel makes the conclusory assertion that "[i]n the matter at bar, a pattern of deficient pleadings first occurred on July 16, 2007[,] when . . . Parry filed a [m]otion to [d]ismiss with an unexplained incomplete service of documents."  Mrs. Gray's counsel then goes on to reiterate many of the same arguments made in support of Mrs. Gray's motions to strike, which were denied by this court in the October 30 order.

The court ruled on the merits of the arguments presented in Mrs. Gray's motions to strike in the October 30 order.  Repeating the grounds for rejecting those arguments is unnecessary.  Further, the court finds Mrs. Gray's counsel's conclusory assertion that a "pattern of deficient pleadings" exists in this case to be wholly without merit.  As the court noted in the October 30 order, the sole instance of "misconduct" alleged by Mrs. Gray's counsel in this case is Parry's counsel's failure to include adequate postage on a single mailing.  It should go without saying, but one instance does not demonstrate a "pattern" of conduct.

In sum, it appears that Mrs. Gray's counsel believes that all of his conduct in this case is somehow justified because of Parry's alleged misconduct in the State case. The court rejected that argument in the October 30 order and rejects it again here. Parry's alleged conduct in the State case cannot and does not justify Mrs. Gray's counsel's conduct in this case.

Based on the foregoing, the court hereby imposes a sanction against Mrs. Gray's counsel personally in the total amount of $390.00. *See* 28 U.S.C. § 1927 (stating that the attorney violating its terms "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); Fed. R. Civ. P. 11(c)(4) (allowing court to impose sanction of "part or all of the reasonable attorney[] fees and other expenses directly resulting from the violation"). In paying that sanction, Mrs. Gray's counsel is directed to pay one half of the total sanction (i.e., $195.00) to Parry and one half of the total sanction to ERS.

While it is almost certain that the costs, attorney fees, and other expenses incurred by Parry and ERS in responding to Mrs. Gray's motions addressed in the October 30 order are far in excess of $390.00, the court does not wish to be overly punitive. Further, while the amount may seem to be arbitrary, it is not without meaning. The court finds it to be a fitting and symbolic sanction under the circumstances of this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. Mrs. Gray's counsel shall, within thirty (30) days of the date of this order, pay $195.00 to Parry and $195.00 to ERS, for a total sanction of $390.00. Said payments are to be

made personally by Mrs. Gray's counsel and are not to be paid by Mrs. Gray, nor billed to Mrs. Gray as costs or fees associated with this lawsuit.

2. Mrs. Gray's counsel shall file proof of those payments with the court in the form of a written notice.

3. Failure to make those payments or file proof of payment in accordance with this order may subject Mrs. Gray's counsel to further court-imposed sanctions.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge