IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BONNIE B. GRAY, Plaintiff, individually and as representative of putative Class A,<br><br>Plaintiff,<br>v.<br><br>EXPRESS RECOVERY SERVICES, INC.; EDWIN B. PARRY; AND JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00113-DB<br><br>Judge Dee Benson |

BACKGROUND

On June 10, 2005, Express Recovery Service, Inc. ("Express Recovery") filed a debt collection action in Utah state court against Bonnie and Gary Gray to recover $90.73 of unpaid medical expenses. Ms. Gray asserted several counterclaims against Express Recovery and its attorney, Edwin Parry. A year later, the action had not resolved and on June 1, 2006, Ms. Gray filed a motion to amend her counterclaims to include class-action claims for violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692) ("FDCPA"), unauthorized practice of law, and Rule 11 of the Utah Rules of Civil Procedure. On September 1, 2006, the state court denied Ms. Gray's motion to amend, ruling that "the Defendants' [the Gray's] class action counterclaims are

1

legally insufficient and therefore futile because the [Grays] lack traditional or public interest standing to bring them." (Dkt. No. 64-1.)  Ms. Gray moved the Utah Court of Appeals for an interlocutory appeal of this order, which was denied on October 3, 2006.  Ms. Gray then filed the present federal lawsuit, asserting the essentially same claims.

Defendants moved to stay the federal litigation in lieu of the pending state litigation and on March 5, 2008, the magistrate judge issued a Report and Recommendation recommending to this court that defendants' Motion to Stay be granted.  On March 27, 2008, this court entered an order adopting the Report and Recommendation and stayed the case.  The state litigation then continued for an additional three years, until it was ultimately dismissed on June 14, 2011.  Ms. Gray chose not to appeal the state court's order that her proposed counterclaims were improper, and opted instead to attempt to lift the stay and litigate those claims in federal court. (Dkt. No. 59.)

Defendants moved for summary judgment under the doctrines of res judicata and collateral estoppel which precludes relitigation of issues where the parties, claims, and issues are substantially similar and there has previously been a final judgment. (Dkt. No. 64.)  They argue that because the state action has been dismissed and Ms. Gray chose not to appeal the state court's order, her claims in this case are barred by the doctrines of res judicata and collateral estoppel.

Ms. Gray argues that the court should allow her to cure any issues of res judicata and collateral estoppel by granting leave to file a second amended complaint.  Ms. Gray also asserts that because Judge Roth's decision denying her counterclaims was based on a finding that she lacked standing, the ruling was not on the merits.  (Dkt. No. 92 at 4.)

ANALYSIS

In *Brereton v. Bountiful City Corp.*, the Tenth Circuit expressly ruled that prior rulings on standing apply to issue preclusion. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213 (10th Cir. 2006) at 1219. This authority precludes Ms. Gray from proceeding in this case because her FDCPA claim is identical to that raised in her state case. Similarly, her Utah Consumer Sales Practices Act ("UCSPA") claims and unjust enrichment claims arise from the same facts and involve the same standing issue that the state court judge ruled Ms. Gray had failed to satisfy.

The United States Supreme Court held that the dismissal of counterclaims invoked the doctrine of res judicata, baring "another cause of action arising from the same controversy or claim. *Partmar Corp. v. Paramount Pictures Theaters Corp.*, 347 U.S. 89, 74 S. Ct. 414 (1954). Consequently, when the trial court denied Ms. Gray's motion to amend her counterclaims and subsequently dismissed the entire matter, the ruling became a final judgement on the merits.

Ms. Gray did not appeal this final judgment. Instead, she voiced her disagreement by filing a separate action in federal court, and filing a motion to lift the stay on that action once the state case was dismissed. She did not appeal the state court's judgment within the allotted time. Accordingly, principles of res judicata and collateral estoppel attach and prevent her from relitigating the same claims and issues that were already presented to, and discussed by, the Utah state court.

CONCLUSION

For the reasons set forth above, and those stated in defendant's memorandum in support of summary judgment, the court grants defendant Express Recovery Services, Inc.'s motion for summary judgment. Plaintiff's motion for leave to file a second amended complaint and add a

party defendant is denied.

DATED this 28th day of March, 2013.

BY THE COURT:

DEE BENSON

United States District Judge